UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANTHONY PAPAPIETRO,

                Plaintiff,

          v.

MICHAEL HOWARD CLOTT; BJORN
KORITZ; JOHN MURRAY; JOHN
SCHWARTZ; CHAD ADLER; JOSEPH
SCHLAMOWITZ; CHRISTIAN DIPRETORO;
MARCO CARIDI; STECKLER, GUTMAN,
MORRISSEY & MURRAY; CHARLES R.
CUNEO; ALISA LIEBOWITZ; ERIN CLOTT;
RYAN CLOTT; NATIONAL REALTY
RECOVERY CO. LLC; NATIONAL
RESIDENTIAL REALTY FUND, LLC;
NATIONAL MORTGAGE RECOVERY
GROUP; REALTY RECOVERY LLC; REAL
ESTATE RECOVERY LLC; GRAND BANK,
N.A. – CARNEGIE MORTGAGE; BANK OF
AMERICA, N.A. % NEW REZ LLC, *f/k/a New
Penn Financial d/b/a Shellpoint Mortgage
Servicing*; OCWEN LOAN SERVICING; and
MTGLQ INVESTORS, LP *and its successors*,

                Defendants.
--------------------------------------------------------x

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

22-CV-1318 (RPK) (VMS)

RACHEL P. KOVNER, United States District Judge:

       Plaintiff Anthony Papapietro filed this *pro se* lawsuit against various individuals, business

entities, and banks seeking money damages for alleged fraud and other misconduct in connection

with three residential mortgage transactions entered into in 2007.  *See* Compl. 5, 27–34 (Dkt. #1).[*]

Six sets of defendants moved to dismiss plaintiff's complaint, and the Court referred those motions

to Magistrate Judge Scanlon for a report and recommendation.  *See* Court Order dated 7/12/2022.

On January 30, 2023, Judge Scanlon issued her R. & R., recommending that each motion be

---

[*] Citations are to page numbers in plaintiff's complaint, as the complaint's paragraphs are not sequentially numbered.

granted in its entirety, and that leave to amend be denied on all claims except for plaintiff's RESPA claims against defendants Bank of America and MTGLQ. *See generally* Report and Recommendation dated 1/30/2023 (Dkt. #63) ("R. & R."). Plaintiff filed timely objections to the R. & R. *See* Pl.'s Objections to R. & R. (Dkt. #72) ("Pl.'s Objections"). For the reasons explained below, plaintiff's objections are overruled and the R. & R. is adopted in full.

## BACKGROUND

### A. Factual Background

Plaintiff alleges that, in 2007, he was induced to take out mortgages on three properties he owned, seemingly to help fund a business venture organized by plaintiff's brother, non-party Rocco Papapietro, Jr., and defendant Michael H. Clott. Compl. 5–11. Plaintiff alleges that Clott and other defendants assured him the loans would have recission clauses and would be "revisable at any time." *Id.* at 10. What is more, plaintiff alleges that he (or his brother) sought to exercise the option to rescind each of the three mortgages shortly after they were executed, but that Clott had the loans funded anyway and then absconded with the proceeds. *Id.* at 10–11, 15–17.

In February 2009, plaintiff retained an attorney to get his money back; those efforts resulted in a February 2009 lawsuit (the "2009 Action") and a June 2009 settlement agreement between plaintiff and defendants Michael Clott, John Murray, and Bjorn Koritz. *See id.* at 8; *see also* Clott Defs.' Mot. to Dismiss 10–11 (Dkt. #45) ("Clott Defs.' Mot."); 2009 Summons & Compl., Clott Defs.' Mot., Ex. B (Dkt. #41-2); 2009 Compl. Cover Page, Clott Defs.' Mot., Ex. H (Dkt. #41-8). The 2009 Action was dismissed on February 24, 2011. Clott Defs.' Mot. 10–11.

In 2012, plaintiff filed another lawsuit (the "2012 Action") against defendants Grand Bank, Bank of America, and Ocwen for alleged misconduct surrounding the transfer of the 2007 mortgages. *See* Bank of America's Mot. to Dismiss 1 (Dkt. #14-1) ("BOA's Mot."); 2012

Summons & Compl., BOA's Mot., Ex. K (Dkt. #14-13).  That case was dismissed on May 9, 2013.  *See* Order Dismissing 2012 Action, BOA's Mot., Ex. L (Dkt. #14-14).

   B.  *Procedural Background*

   Plaintiff filed this lawsuit in March 2022.  The complaint raises nine claims, each of which purports to be "against all defendants": (1) breach of the 2009 settlement agreement, *see* Compl. 27; (2) breach of the terms of an ownership agreement between Michael Clott and Rocco Papapietro relating to one of the LLCs plaintiff's mortgages were to help fund, *see id.* at 27–28; (3) violation of the civil RICO statute, 18 U.S.C. § 1962, *see* Compl. 28; (4) common-law fraud, for inducing plaintiff into entering into the mortgage agreements, *see id.* at 29–30; (5) conversion of the mortgage proceeds, *see id.* at 30; (6) unjust enrichment, *see id.* at 31; (7) breach of fiduciary duty (and other related claims), *see id.* at 31–32; (8) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, *see* Compl. 32–33; and (9) violation of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2605, *see* Compl. 34.

   Six sets of defendants moved to dismiss:

- Defendant Bank of America asserted that plaintiff's claims were barred by the applicable statutes of limitations, barred by the doctrines of claim preclusion and collateral estoppel, and in any event failed to state a claim.  *See* BOA's Mot.

- Defendant Chad Adler contended that plaintiff's complaint failed to allege any facts pertaining to Adler at all, that this Court lacks subject matter jurisdiction over plaintiff's claims, and that plaintiff's claims are time-barred.  *See* Adler's Mot. to Dismiss (Dkt. #23) ("Adler's Mot.").

- Defendant Grand Bank asserted that plaintiff's claims were barred by the applicable statutes of limitations and should also be dismissed for failure to state a claim.  *See* Grand Bank's Mot. to Dismiss (Dkt. #24) ("Grand Bank's Mot.").

- Defendant MTGLQ Investors, LP argued that plaintiff's complaint failed to state a claim, that his claims were barred by the applicable statutes of limitations, and that the Court should abstain from exercising jurisdiction because of a pending state-court foreclosure action in which MTGLQ is the plaintiff.  *See* MTGLQ's Mot. to Dismiss (Dkt. #25) ("MTGLQ's Mot.").

- Defendant Ocwen Loan Servicing said plaintiff's claims were time-barred and failed to state a claim.  *See* Ocwen's Mot. to Dismiss (Dkt. #26) ("Ocwen's Mot.").

- Finally, defendants Alisa Liebowitz, Erin Clott, and Ryan Clott (collectively, the "Clott Defendants"), sought dismissal on the basis that the Court lacks subject matter jurisdiction over plaintiff's claims, that the claims are barred by collateral estoppel, that the claims are time-barred, that plaintiff's fraud-based claims do not satisfy Rule 9(b)'s heightened pleading standard, and that in any event plaintiff has failed to state a claim.  *See* Clott Defs.' Mot.

I referred the motions to Magistrate Judge Scanlon for a report and recommendation.

*C.  The R. & R.*

On January 20, 2023, Judge Scanlon issued an R. & R. that recommends granting the motions to dismiss.  To start, Judge Scanlon concluded that the Court had subject matter jurisdiction over plaintiff's claims, and that abstention based on the pending state-court foreclosure proceeding was not warranted.  *See* R. & R. 11–15.  So she proceeded to defendants' other arguments for dismissal.

Judge Scanlon concluded that claims against the Clott Defendants that accrued before February 24, 2011, and claims against Bank of America that accrued before May 9, 2013—the dates on which the judgments in the earlier state-court cases were entered—should be dismissed as barred by principles of claim and issue preclusion.  *See id.* at 19–21.

Next, Judge Scanlon concluded that, preclusion aside, almost all of plaintiff's claims were barred by the applicable statute of limitations.  Beginning with plaintiff's federal claims, Judge Scanlon concluded that his RICO and TILA claims, which arose from the failed recissions of the 2007 mortgages and Michael Clott's subsequent withdrawal of those mortgage funds in 2007, were time-barred by 2012 at the latest.  *See* R&R 23–25.  Plaintiff's claims under the RESPA, meanwhile, were similarly time-barred under that Act's three-year limitations period, with the exception of any RESPA claim arising from the 2019 transfer of one of the underlying mortgages from Bank of America to MTGLQ.  *See id.* at 25–27.  And as to plaintiff's state-law claims for breach of contract, fraud, conversion, unjust enrichment, and breach of fiduciary duty, Judge

4

Scanlon concluded that each of these claims—all of which centered around Michael Clott's actions in connection with the 2007 mortgages—had accrued by 2009 at the latest, and thus were long time-barred under the applicable three- or six-year limitations periods. *See id.* at 27–32.

Turning to the merits of plaintiff's claims, Judge Scanlon concluded that plaintiff failed to state a claim "as to seven of the nine counts of the complaint." *Id.* at 32 (capitalization altered). Judge Scanlon concluded that plaintiff had failed to plausibly allege the RICO, TILA, and RESPA violations necessary to state any of his federal causes of action. *See id.* at 32–34. Similarly, as to plaintiff's state-law claims, Judge Scanlon found that plaintiff had failed to state plausible claims for breach of contract, fraud, and breach of fiduciary duty. *See id.* at 35–39. Only as to plaintiff's claims for common-law conversion and unjust enrichment did Judge Scanlon conclude that plaintiff had sufficiently pleaded his cause of action. *See id.* at 37–38.

Finally, Judge Scanlon concluded that plaintiff failed to comply with Federal Rule of Civil Procedure Rule 8(a)(2) by including "many allegations that generally and improperly pertain to all Defendants" and that thus failed "to place Defendants on notice of each of their alleged wrongdoings." *Id.* at 39–40. Judge Scanlon observed that she would ordinarily recommend that plaintiff be granted leave to amend to correct this deficiency, but that given the other bases for dismissal, leave to amend should be denied. *See id.* at 40.

At bottom, Judge Scanlon recommended granting all six of the motions to dismiss and denying plaintiff leave to file an amended complaint except with respect to his RESPA claims against Bank of America and MTGLQ—the only claims Judge Scanlon found not to be time-barred. *See id.* at 42. Plaintiff timely objected to the R. & R. *See* Pl.'s Objections.

## STANDARD OF REVIEW

The standard of review a district court should use when considering an order or recommendation from a magistrate judge depends on whether the issue "is dispositive of a party's

claim or defense." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1).  If a party timely objects to a magistrate judge's recommendation on a dispositive issue, the district court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).  Defendants' motions to dismiss are dispositive matters under Rule 72.  *See, e.g.*, *Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 345 (S.D.N.Y. 2019).

Those parts of an R. & R. that are uncontested or not properly objected to are reviewed, at most, for "clear error." *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted); *see Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition).  Clear error will only be found if, on review of the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (citation omitted).

In considering objections to an R. & R., the district court "will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted); *see, e.g.*, *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020); 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 3070.2 (3d ed. 2021).  "Further, courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020) (alteration, quotation marks, and citation omitted); *see, e.g.*, *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137–38 (2d Cir. 1994); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990).  Finally, a court will disregard an objection that "merely restates or rehashes the same arguments that [the] party originally made" if it fails to identify any subsequent errors in the magistrate's analysis. *CDS Bus. Servs., Inc. v. H.M.C., Inc.*, No. 19-CV-5759 (JMA) (SIL), 2021 WL 4458884, at *1 (E.D.N.Y.

Sept. 28, 2021); *see Sunoco, Inc. v. 175-33 Horace Harding Realty Corp.*, No. 11-CV-2319 (JS) (GRB), 2016 WL 5239597, at \*2 (E.D.N.Y. Sept. 22, 2016), *aff'd sub nom. Sunoco, Inc. (R&M) v. 175-33 Horace Harding Realty Corp.*, 697 F. App'x 38 (2d Cir. 2017).

The objections of a *pro se* defendant, like all *pro se* submissions, are "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

## ANALYSIS

Plaintiff's objections are overruled and the R. & R. is adopted in full.

At the outset, most of plaintiff's submission is directed not to identifying legal errors in the R. & R. but instead to arguing the merits of the ongoing state-court foreclosure proceeding instituted by MTGLQ against plaintiff.  *See* Pl.'s Objections ¶¶ 3–27.  But whether plaintiff will ultimately succeed in contesting that foreclosure has little to do with the motions to dismiss at issue here.  *See* MTGLQ's Opp'n to Pl.'s Objections ¶ 5 (Dkt. #74).  Nevertheless, construed liberally, plaintiff's submission raises two objections: (1) that the 2009 Action remains active, and so is not entitled to preclusive effect, *see* Pl.'s Objections ¶ 2; and (2) that Judge Scanlon erred in failing to apply the continuing violations doctrine to toll the statute of limitations on plaintiff's claims, *see id.* at ¶¶ 28–30.  As explained below, these arguments are unpersuasive.  In any event, the portions of the R. & R. to which plaintiff has not objected are independently sufficient to permit the Court to adopt the R. & R. in full.

## I. The Court Finds No Clear Error in the Portions of the R. & R. to which Plaintiff Has Not Objected

Plaintiff has not objected to the portion of Judge Scanlon's R. & R. which recommends dismissing seven of his nine claims on the merits for failure to state a claim.  *See* R. & R. 32–39.  I have therefore reviewed these recommendations only for clear error, *see, e.g.*, *Alvarez Sosa*, 369

F. Supp. 3d at 497, and found none.  Accordingly, I adopt Judge Scanlon's recommendations with respect to plaintiff's federal RICO, TILA, and RESPA claims, along with his state-law claims for breach of contract, fraud, and breach of fiduciary duty.  Those claims are dismissed under Federal Rule of Civil Procedure 12(b)(6).  Even before addressing plaintiff's objections, then, plaintiff's only remaining claims are his state-law claims for conversion and unjust enrichment.

And even those two claims can be dismissed under the unobjected-to portions of the R. & R.  Judge Scanlon found that plaintiff had largely failed to plead his complaint with the particularity required by Rule 8(a), since many of his allegations "generally and improperly pertain to all Defendants" and thus fail "to place Defendants on notice of each of their alleged wrongdoings." R. & R. 39–40.  Plaintiff's claims for unjust enrichment and conversion exemplify this problem.  These causes of action stem from defendant Michael Clott's alleged theft of the funds from the 2007 mortgages.  *See* Compl. 30–31.  But while the complaint certainly pleads Michael Clott's involvement with particularity, it does not follow from Michael's theft that "*[a]ll the [d]efendants[]* are therefore liable for the tort of conversion" or that the theft "[unjustly] enriched *all [d]efendants[]*." *Ibid.* (emphases added).  So, as to the moving defendants here—of whom Michael Clott is not one—the complaint's allegations are insufficient.

## II.   Regardless, Plaintiff's Objections Are Overruled

In any event, plaintiff's objections to Judge Scanlon's recommendations are overruled.

### A.  Claim and Issue Preclusion

Plaintiff first argues that Judge Scanlon erred by determining that the doctrines of claim and issue preclusion required dismissal of claims against the Clott Defendants that could have been raised in the 2009 Action.  *See* R. & R. 15–21.  In support, plaintiff submits that that state-court action, Index No. TS-3000254-10/NY, "is still active and [an] appeal is pending." Pl.'s Objections ¶ 2; *see id.*, Ex. A, at 17 (displaying a screenshot of a New York state-court website reporting that

8

case's status as "Active – Restored – Appeal Pending").  This argument fails for two reasons.
*First*, "[u]nder New York law, 'the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding.'"  *DiSorbo v. Hoy*, 343 F.3d 172, 183 (2d Cir. 2003) (quoting *Amica Mut. Ins. Co. v. Jones*, 445 N.Y.S.2d 820, 822 (App. Div. 1981)); *see Fortunatus v. Clinton Cnty., N.Y.*, 937 F. Supp. 2d 320, 333 n.18 (N.D.N.Y. 2013) (same).  And the same goes for claim preclusion.  *See Howard Carr Companies, Inc. v. Cumberland Farms*, *Inc.*, 456 F. Supp. 3d 462, 472 n.8 (N.D.N.Y. 2020) ("In New York, the pendency of an appeal does not alter the *res judicata* effect of the challenged judgment.") (quoting *Brown v. Mfrs. Hanover Tr. Co.*, 602 F. Supp. 549, 551 (S.D.N.Y. 1984)), *aff'd*, 833 F. App'x 922 (2d Cir. 2021).

*Second*, as the Clott Defendants point out in their opposition to plaintiff's objections, plaintiff never presented this purported evidence of the 2009 Action's non-finality to Judge Scanlon.  *See* Clott Defs.' Opp'n to Pl.'s Objections ¶ 14 (Dkt. #73).  In reviewing a magistrate judge's report and recommendation, the Court generally "will not consider new arguments . . . that could have been raised before the magistrate but were not," *Gladden*, 394 F. Supp. 3d at 480, or "consider new evidence raised [for the first time] in the objections," *Lesser*, 463 F. Supp. 3d at 445.  "The submission of new evidence following [an R. & R.] is merited only in rare cases, where the party objecting to [the R. & R.] has offered a most compelling reason for the late production of such evidence . . . or a compelling justification for [his] failure to present such evidence to the magistrate judge."  *Fischer v. Forrest*, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018) (citations and quotation marks omitted), *aff'd*, 968 F.3d 216 (2d Cir. 2020).

Here, plaintiff has offered no such justification.  Accordingly, plaintiff's objections to the R. & R.'s recommendations regarding the application of issue and claim preclusion are overruled.

B.  *Statute of Limitations*

Finally, plaintiff argues that "the defendants' actions in transferring the mortgages constituted separate, independent wrongs which should toll the statute of limitations" under the "continuing wrongs doctrine."  Pl.'s Objections ¶¶ 28, 30.  At the outset, plaintiff's continuing-violations argument is not properly presented here, *see Gladden*, 394 F. Supp. 3d at 480, because it was not developed in plaintiff's motion-to-dismiss briefing, where plaintiff instead developed arguments for equitable tolling that Judge Scanlon rejected, *see* R. & R. 22 n.30 (citing to plaintiff's briefing papers and rejecting his equitable tolling argument).

In any event, the continuing violations doctrine is inapposite here.  The doctrine "provides an exception to the normal knew-or-should-have-known accrual date . . . . [and] applies to claims composed of a series of separate acts that collectively constitute one unlawful . . . practice." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 309 (2d Cir. 2020) (citations and quotation marks omitted).  It therefore does *not* apply in cases presenting "discrete unlawful acts, even where those discrete acts are part of 'serial violations,' but [only] to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment."  *Ibid.* (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002)).  Plaintiff identifies several instances in which one of the 2007 mortgages was transferred from one bank to another, and says each transfer "constitute[d] an independent wrong which caused [him] damages." Pl.'s Objections ¶ 29.  That statement amounts to a concession that the continuing wrongs doctrine does not apply.

To the extent plaintiff's objection may be read to sound in equitable tolling—the argument he did raise before Judge Scanlon—plaintiff has made no argument explaining why Judge Scanlon erred in finding that, since plaintiff had notice of the alleged fraudulent scheme as early as 2009, when he filed his first suit in state court, this was not one of the "rare and exceptional circumstances" in which equitable tolling of the limitations periods—by more than a decade for

some of plaintiff's claims—"is necessary as a matter of fairness."  R. & R. 22 n.30 (quoting *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014)).

Plaintiff's objections as to the R. & R.'s statute-of-limitations findings are accordingly overruled, and I conclude that each of plaintiff's claims, with the exception of his RESPA claims based on the 2019 transfer, must be dismissed as time-barred.

## CONCLUSION

Plaintiff's objections are overruled and the R. & R. is adopted in full.  Defendants' motions to dismiss are granted.  Leave to amend is denied as to all of plaintiff's claims against the moving defendants, with the exception that, within 30 days of the date of this Order, plaintiff may file an amended complaint that repleads his RESPA claims against Bank of America and MTGLQ concerning the 2019 loan transfer between those two entities.  Defendants Chad Adler, Erin Clott, Ryan Clott, Alisa Liebowitz, Grand Bank, and Ocwen are dismissed from this action.  Absent an amended complaint, defendants Bank of America and MTGLQ will likewise be dismissed.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: March 31, 2023
     Brooklyn, New York