```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ANTHONY PAPAPIETRO,
                                                                          Civil Action No.
                    Plaintiff,                                            22-cv-01318-RPK-VMS

        -against-

MICHAEL HOWARD CLOTT; BJORN KORITZ; JOHN MURRAY;
JOHN SCHWARTZ; CHAD ADLER; JOSEPH SCHLAMOWITZ;
CHRISTIAN DIPRETORO; MARCO CARIDI; STECKLER,
GUTMAN, MORRISSEY & MURRAY; CHARLES R. CUNEO;
ALISA LIEBOWITZ; ERIN CLOTT; RYAN CLOTT; NATIONAL
REALTY RECOVERY CO. LLC; NATIONAL RESIDENTIAL
REALTY FUND, LLC; NATIONAL MORTGAGE RECOVERY
GROUP; REALTY RECOVERY LLC; REAL ESTATE RECOVERY
LLC; GRAND BANK, N.A. - CARNEGIE MORTGAGE; BANK OF
AMERICA, N.A. % NEW REZ LLC, f/k/a NEW PENN FINANCIAL
D/B/A SHELLPOINT MORTGAGE SERVICING; OCWEN LOAN
SERVICING; and MTGLQ INVESTORS, LP, and its successors,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

**DEFENDANT MTGLQ INVESTORS, LP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

ALDRIDGE PITE, LLP
*Attorneys for the Defendant*
*MTGLQ Investors, LP*
Kenneth Sheehan, Esq.
40 Marcus Drive, Suite 200
Melville, New York 11747
631-454-8059
ksheehan@aldridgepite.com

June 26, 2023

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………...………....ii

PRELIMINARY STATEMENT……………..……..……………………………………....1

BACKGROUND………………………………………………………...…………………2

POINT I - LEGAL STANDARD FOR MOTION TO DISMISS……...……...……..…………4

POINT II - PLAINTIFF'S AMENDED COMPLAINT DOES NOT PROVIDE A SHORT AND PLAIN STATEMENT AS REQUIRED BY RULE 8(A)(2)…………………………….5

POINT III – PLAINTIFF'S CAUSES OF ACTION HAVE NO MERIT WITH RESPECT TO MTGLQ………...………………………………………………………………..6

    A.    PLAINTIFF'S FIRST COUNT – VIOLATION OF RESPA IS MERITLESS…..6

        i.    THE AMENDED COMPLAINT DOES NOT SUPPORT A CLAIM AGAINST MTGLQ…………………………………………………..6

        ii.    MTGLQ IS NOT RESPONSIBLE FOR SELENE'S ACTIONS………...7

        iii.    PLAINTIFF'S LETTERS WERE NOT QWRS…………………………..7

    B.    PLAINTIFF'S SECOND COUNT – VIOLATION OF TILA IS NOT ALLOWED…………………………………………………………………...10

CONCLUSION………………………………………………………...........................10

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

Ashcroft v. Iqbal,
556 U.S. 662, 678, 173 L. Ed.2d 868 (2009)……………………………………………...4, 5

Barzelis v. Flagstar Bank, F.S.B.,
784 F.3d 971, 977 (5th Cir. 2015)……………………………………………………………9

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 555, 127 S Ct. 1955 (2007)……………………………………………...4, 5

Corazzini v. Litton Loan Servicing LLP,
2010 WL 1132683, at *3 (N.D.N.Y. 2010)…………………………………………….5

Garrasi v. Selene Finance, LP,
407 F.Supp.3d 110 (N.D.N.Y. Sept. 11, 2019)……………..…………………………….8, 9

In re NYSE Specialists Sec. Litig.,
503 F.3d 89, 91 (2d Cir. 2007)…………………………………………………………….4

Johnson v. Ocwen Loan Servicing,
374 Fed. Appx. 868, 874 (11th Cir. 2010)…………………………………………………..9

Keen v. Helson,
930 F.3d 799 (6th Cir. 2019)…………………………………………………………….9

Layne v. Ocwen Loan Servicing, LLC,
2018 WL 1524608 (E.D. Tenn. Mar. 28, 2018)……………………………………………8-9

Ochre LLC v. Rockwell Architecture Planning & Design, P.C.,
2012 WL 6082387, at *6 (S.D.N.Y. 2012), aff'd, 530 F. App'x 19 (2d Cir. 2013)..…………...5-6

Reyes v. Bank of America, NA,
2012 WL 6089480 (D. Nevada Dec. 5, 2012)……………………...………………………9

Sharp v. Deutsche Bank Nat. Tr. Co.,
No. 14-CV-369, 2015 WL 4771291, 6 (D.N.H. Aug. 11, 2015)………….…..…………………….9

Singh v. Wells Fargo Bank N.A.,
No. 2:11-CV-0401, 2011 WL 2118889 (E.D. Cal. May 27, 2011)……………….…..……………..9

Wilson v. JPMorgan Chase Bank, N.A.,
No. 2:09-CV-863, 2010 WL 2574032 (E.D. Cal. June 25, 2010)……………………………………9

## Statutes and Laws

12 U.S.C. § 2602(1))……………………………...…………………………………………….9

12 U.S.C. § 2605(e)…………………………………………………………………………..8

12 U.S.C. §2605 (i)(3)…………………………………………………..………………………8

Fed. R. Civ. P. 8(a)(2)…………………………………………………………………..5, 6

Fed. R. Civ. 12(b)(6)………………………………………...…………………………..1, 4, 5

Real Estate Settlement Procedures Act……………………………...…………...1,4, 6, 7, 8, 9

Rule 8 of the Federal Rules of Civil Procedure………………………………...……………..5

Truth in Lending Act……………………………………………………………………..…10

The Defendant MTGLQ Investors, LP ("MTGLQ") respectfully submits this memorandum of law in support of its motion to dismiss, with prejudice, the *pro se* Plaintiff Anthony Papapietro's (the "Plaintiff") Amended Complaint pursuant to Fed. R. Civ. 12(b)(6) for failure of the Plaintiff to state a claim upon which relief can be granted. MTGLQ respectfully requests that the Court refer to its supporting Declaration and annexed exhibits.

### PRELIMINARY STATEMENT

The Plaintiff commenced this action alleging that the defendants engaged in a series of fraudulent activities against him by mortgaging three (3) properties that he owns. MTGLQ's only involvement with the Plaintiff is that MTGLQ held a mortgage made by the Plaintiff that was secured by the real property known as 49 Orange Avenue, Staten Island, New York 10392, bearing tax designation: Block: 1058, Lot: 17 (the "Premises"). MTGLQ did not originate that mortgage and only acquired an interest in the mortgage via an assignment of mortgage dated September 6, 2018, eleven (11) years after the Plaintiff executed the mortgage.

Due to the default of that mortgage, MTGLQ commenced a foreclosure action on April 2, 2019, against the Plaintiff in the Supreme Court of the State of New York, County of Richmond, under Index Number 135187/2019. After the commencement of that action, MTGLQ assigned the mortgage to U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust by assignment of mortgage dated October 22, 2021. MTGLQ no longer has an interest in the mortgage or the Premises.

On March 31, 2023, the Court issued an Order Adopting Report and Recommendation wherein the Court dismissed the Plaintiff's Complaint, with the exception that the Plaintiff was allowed to file an amended complaint that repleads the RESPA claim against Bank of America,

1

N.A. and MTGLQ.

The Plaintiff's Amended Complaint completely fails to state a valid cause of action against MTGLQ and the Court should dismiss the Amended Complaint with prejudice with respect to MTGLQ.

## BACKGROUND

On July 10, 2007, Rocco Papapietro, Jr. executed a note in the amount of $364,000.00 in favor of Carnegie Mortgage, LLC. (Sheehan Decl., Exhibit "A").

On that same day, Rocco Papapietro, Jr., Joseph Papapietro and the Plaintiff executed a mortgage in the amount of $364,000.00 in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Carnegie Mortgage. (Sheehan Decl., Exhibit "B"). The mortgage was secured by the Premises. (Sheehan Decl., Exhibit "B").

Subsequently, Mortgage Electronic Registration Systems, Inc. as Nominee for Carnegie Mortgage assigned the mortgage to Countrywide Home Loans Servicing, LP by assignment of mortgage dated December 16, 2008. (Sheehan Decl., Exhibit "C"). The assignment of mortgage was recorded in the Office of the Richmond County Clerk on January 28, 2009, in Land Doc Number 279838. (Sheehan Decl., Exhibit "C").

Thereafter, on July 15, 2013, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP assigned the mortgage to EverBank. (Sheehan Decl., Exhibit "D"). The assignment of mortgage was recorded in the Office of the Richmond County Clerk on August 28, 2013, in Land Doc Number 493569. (Sheehan Decl., Exhibit "D").

On January 27, 2015, EverBank assigned the mortgage to Green Tree Servicing LLC

(Sheehan Decl., Exhibit "E"). The assignment of mortgage was recorded in the Office of the Richmond County Clerk on August 5, 2015, in Land Doc Number 571039. (Sheehan Decl., Exhibit "E").

The mortgage was further assigned from DiTech Financial LLC f/k/a Green Tree Servicing LLC by Mission Global, LLC, its attorney-in-fact, to MTGLQ by assignment of mortgage dated September 6, 2018. (Sheehan Decl., Exhibit "F"). The assignment of mortgage was recorded in the Office of the Richmond County Clerk on September 12, 2018, in Land Doc Number 713253. (Sheehan Decl., Exhibit "F").

On April 2, 2019, MTGLQ commenced an action to foreclose the mortgage in the Supreme Court of the State of New York, County of Richmond, bearing Index Number 135187/2019 (the "Foreclosure Action"). (Sheehan Decl., Exhibit "G"). MTGLQ commenced that action because Rocco Papapietro, Jr. defaulted under the mortgage by failing to make the May 1, 2013 mortgage installment and every payment thereafter. (Sheehan Decl., Exhibit "G").

Subsequently, on May 10, 2019, the Plaintiff filed a *pro se* answer with affirmative defenses in the Foreclosure Action. (Sheehan Decl., Exhibit "H"). Thereafter, the Plaintiff retained counsel to defend him in the Foreclosure Action (Sheehan Decl., Exhibit "I"). The Foreclosure Action is still pending in the Supreme Court of the State of New York, Richmond County (Sheehan Decl., Exhibit "J").

After the commencement of the Foreclosure Action, MTGLQ assigned the mortgage to U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust by assignment of mortgage dated October 22, 2021. (Sheehan Decl., Exhibit "K"). The assignment of mortgage was recorded in the Office of the Richmond County Clerk on December 21, 2021, in Land Doc Number 865483. (Sheehan Decl., Exhibit "K"). As a

result of this assignment of mortgage, MTGLQ no longer has an interest in the mortgage or the Premises.

The Plaintiff commenced this action on or about March 10, 2022 (ECF Doc. No. 1).

On May 15, 2022, MTGLQ filed a motion to dismiss the complaint (ECF Doc. No. 25).

Thereafter, on January 30, 2023, the Honorable United States Magistrate Judge Vera M. Scanlon issued a Report and Recommendation ("R&R") with respect to MTGLQ's motion to dismiss. The R&R recommended that MTGLQ's motion to dismiss be granted without granting the Plaintiff the opportunity to replead, with one exception, that the Plaintiff be permitted to replead its claim with respect to Count IX for a possible violation of RESPA (ECF Doc. No. 63).

The Court on March 31, 2023, issued an Order Adopting Report and Recommendation (ECF Doc. No. 76).

The Plaintiff filed his Amended Complaint on June 12, 2023 (ECF. Doc. No. 84).

## POINT I
## LEGAL STANDARD FOR MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), a court should dismiss a complaint that fails "to state a claim upon which relief can be granted." When deciding a motion to dismiss, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 91 (2d Cir. 2007). However, this principle does not apply to legal conclusions. Id.

Conclusory allegations are insufficient to state a valid claim. A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 173 L. Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S Ct. 1955 (2007)) (citations omitted). A complaint must contain sufficient factual

matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). Legal conclusions couched as factual allegations and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a motion to dismiss. Id. (quoting Twombly, 550 U.S. at 555).

As stated in Corazzini v. Litton Loan Servicing LLP, 2010 WL 1132683, at *3 (N.D.N.Y. 2010), "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 173 L. Ed.2d 868 (2009)).

Here, the Plaintiff's Amended Complaint does not plead a legal cause of action against MTGLQ and the Court should dismiss it with prejudice.

## POINT II
## PLAINTIFF'S AMENDED COMPLAINT DOES NOT PROVIDE A SHORT AND PLAIN STATEMENT AS REQUIRED BY RULE 8(A)(2)

In addition to not complying with Fed. R. Civ. P. 12(b)(6), the Plaintiff did not comply with Rule 8 of the Federal Rules of Civil Procedure. That rule mandates that a plaintiff's pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, the Plaintiff's Amended Complaint wholly fails to meet this standard.

The complaint sets forth various vague and conclusory allegations and hardly mentions MTGLQ. See generally Amended Compl. It is well settled that, "[w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants. . . . A plaintiff cannot merely 'lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct.'" Ochre LLC

5

v. Rockwell Architecture Planning & Design, P.C., 2012 WL 6082387, at *6 (S.D.N.Y. 2012), aff'd, 530 F. App'x 19 (2d Cir. 2013).

As such, the Plaintiff fails to meet the pleading requirements of Rule 8(a)(2), and therefore, the Plaintiff's Amended Complaint should be dismissed with prejudice as to MTGLQ.

**POINT III**
**PLAINTIFF'S CAUSES OF ACTION HAVE NO MERIT**
**WITH RESPECT TO MTGLQ**

**A.** **Plaintiff's First Count – Violation Of RESPA Is Meritless**

The Plaintiff's First Count in his Amended Complaint alleges that MTGLQ violated the Real Estate Settlement Procedures Act ("RESPA"). The Court should dismiss this Count with prejudice because the Plaintiff does not establish that MTGLQ violated this act.

The basis of the Plaintiff's claim is that he alleges that he did not receive a response to his letters dated June 15, 2020, September 29, 2020, November 14, 2020, November 28, 2020, and June 1, 2021. The Plaintiff alleges that these letters were "Qualified Written Requests" ("QWR"). The Plaintiff states that he was requesting information concerning the ownership and/or the transfer of the ownership of the mortgage so that he could formulate a defense to the Foreclosure Action (Amended Compl. ¶ 2). By failing to timely respond to those letters, the Plaintiff alleges that MTGLQ violated RESPA.

*i.* *The Amended Complaint Does Not Support A Claim Against MTGLQ*

The Plaintiff's allegation fails because the evidence annexed to the Amended Complaint does not support a valid RESPA claim against MTGLQ. The June 15, 2020 letter and the subsequent follow-up letters dated September 29, 2020, November 14, 2020, November 28, 2020,

6

and June 1, 2021, are addressed to Selene Finance ("Selene") and not to MTGLQ (See Amend. Compl. pages 13 – 22).  Therefore, MTGLQ never received those letters and could not have responded to them.  Based on this undisputed fact, the First Count fails to state a valid cause of action against MTGLQ.

### ii.    *MTGLQ Is Not Responsible For Selene's Actions*

The Plaintiff alleges that Selene and not MTGLQ failed to timely respond to his letters, and thus, Selene violated RESPA (See Amend. Compl. ¶ 25).  As an initial matter, the Court will note that Selene is not a party defendant to this action, and therefore, the Plaintiff cannot seek relief against Selene.  More importantly, the Plaintiff does not establish that Selene and MTGLQ are related parties, and therefore, MTGLQ is liable for the actions of Selene.

The Plaintiff alleges that Selene was the agent/servicing agent for MTGLQ (See Amend. Compl. ¶ 7).  The Plaintiff makes this allegation based "upon information and belief," and fails to establish that Selene was the agent or servicing agent of MTGLQ.  The Plaintiff's conclusory and unsubstantiated allegation fails to establish an agency relationship between those two (2) entities.  Furthermore, the Plaintiff fails to establish why MTGLQ is legally liable for any alleged failure of Selene to respond to the letters.

Therefore, the Plaintiff's First Count alleging a violation of RESPA does not have any merit.

### iii.   *Plaintiff's Letters Were Not QWRS*

The Plaintiff's allegation that his letters are QWRs is completely misplaced.  These letters are not QWRs and the Plaintiff cannot allege that the failure to respond to them violated RESPA.

Pursuant to RESPA, a QWR must identify an error in the servicing of an account and must provide sufficient detail regarding the information sought regarding that error. See 12 U.S.C. §2605(e). "The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, . . ., and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. §2605 (i)(3).

Here, the Plaintiff's correspondence seeks the following information:

- copy of the original note,
- the name, address and telephone number of the bank or investor that owns the mortgage,
- copies of all endorsements and assignments for the note and mortgage,
- evidence that Selene has been retained to service the loan, and
- the name, address and telephone number of the facility that holds the note. (See Amend. Compl., page 13).

This request does not describe an error in the servicing of the mortgage account and does not seek information pertaining to that error. The Plaintiff fails to identify a perceived error in the actual servicing of the loan.

Instead of a QWR, the Plaintiff's correspondence is really a discovery demand with respect to the Foreclosure Action. The Plaintiff admits in the Amended Complaint that the information he sought in his letters was essential information to defend against the Foreclosure Action (Amended Compl. ¶ 20). Since the Plaintiff never alleges any error with respect to the servicing of the loan, a response was not required because it was not a proper QWR. See Garrasi v. Selene Finance, LP, 407 F.Supp.3d 110 (N.D.N.Y. Sept. 11, 2019); Layne v. Ocwen Loan Servicing, LLC, 2018 WL

1524608 (E.D. Tenn. Mar. 28, 2018); Reyes v. Bank of America, NA, 2012 WL 6089480 (D. Nevada Dec. 5, 2012).

In addition, the Plaintiff is not entitled to any relief under RESPA because his claim fails on the merits as the Plaintiff did not sign the subject note and he is not a borrower. RESPA only creates a cause of action for a borrower. "Courts have consistently held that the term 'borrower" under RESPA is 'someone who is personally obligated under a 'federally related mortgage loan.' *Keen,* 930 F.3d at 804 (quoting 12 U.S.C. § 2602(1)); see also *Barzelis v. Flagstar Bank, F.S.B.,* 784 F.3d 971, 977 (5th Cir. 2015); *Johnson v. Ocwen Loan Servicing*, 374 Fed. Appx. 868, 874 (11th Cir. 2010). Since Plaintiff was not personally obligated on the mortgage loan, he is not a 'borrower' under RESPA." Garrasi v. Selene Finance, LP, 407 F.Supp.3d 110, 118 (N.D.N.Y. Sept. 11, 2019).

The only person who signed the note was Rocco Papapietro, Jr. (Sheehan Decl., Exhibit "A"). It is irrelevant that the Plaintiff signed the mortgage because that did not personally obligate him to repay the money that was borrowed. See Sharp v. Deutsche Bank Nat. Tr. Co., No. 14-CV-369, 2015 WL 4771291, 6 (D.N.H. Aug. 11, 2015) ("[f]orgoing the protections of [RESPA] is the price a mortgagor pays for avoiding personal liability on a note."); See also Singh v. Wells Fargo Bank N.A., No. 2:11-CV-0401, 2011 WL 2118889 (E.D. Cal. May 27, 2011); Wilson v. JPMorgan Chase Bank, N.A., No. 2:09-CV-863, 2010 WL 2574032 (E.D. Cal. June 25, 2010).

Furthermore, the Plaintiff failed to plead a valid RESPA claim because the Plaintiff failed to demonstrate that he incurred actual damages from the alleged lack of a response to this letters. See Layne v. Ocwen Loan Servicing, LLC, 2018 WL 1524608 (E.D. Tenn. Mar. 28, 2018).

Therefore, the Court should dismiss with prejudice the Plaintiff's RESPA claim.

**B.   Plaintiff's Second Count – Violation Of TILA Is Not Allowed**

The Plaintiff pleads a Second Count in his Amended Complaint, namely, that MTGLQ violated the provisions of the Truth In Lending Act ("TILA"). The Plaintiff is not allowed to plead this allegation.

The Court in its Order Adopting Report and Recommendation held that the Plaintiff could only replead his RESPA claim (ECF Doc. No. 76). The Court did not give the Plaintiff leave to replead his TILA claims. Based on the Report and Recommendation, the Court held that the TILA claim is barred by the statute of limitations.

Therefore, the Court should dismiss the Second Count with prejudice.

## CONCLUSION

Based on the foregoing, MTGLQ respectfully requests that the Court grant the instant motion in its entirety and dismiss the Plaintiff's Amended Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: June 26, 2023

        Respectfully submitted,
        ALDRIDGE PITE, LLP
        *Attorneys for the Defendant*
        *MTGLQ Investors, LP*

        Kenneth Sheehan, Esq.
        40 Marcus Drive, Suite 200
        Melville, New York 11747
        631-454-8059
        ksheehan@aldridgepite.com