UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

ANTHONY PAPAPIETRO,

                Plaintiff,

-against-

MICHAEL HOWARD CLOTT; BJORN KORITZ; JOHN MURRAY; JOHN SCHWARTZ; CHAD ADLER; JOSEPH SCHLAMOWITZ; CHRISTIAN DIPRETORO; MARCO CARIDI; STECKLER, GUTMAN, MORRISSEY & MURRAY; CHARLES R. CUNEO; ALISA LIEBOWITZ; ERIN CLOTT; RYAN CLOTT; NATIONAL REALTY RECOVERY CO. LLC; NATIONAL RESIDENTIAL REALTY FUND, LLC; NATIONAL MORTGAGE RECOVERY GROUP; REALTY RECOVERY LLC; REAL ESTATE RECOVERY LLC; GRAND BANK, N.A. – CARNEGIE MORTGAGE; BANK OF AMERICA, N.A. % New Rez LLC, f/k/a New Penn Financial d/b/a Shellpoint Mortgage Servicing; OCWEN LOAN SERVICING; and MTGLQ INVESTORS, LP and its successors,

                Defendants.

------------------------------------------------------------ X

**REPORT AND RECOMMENDATION**

22 Civ. 1318 (RPK) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

For the reasons discussed below, this Court respectfully recommends that the District Court grant Bank of America's motion as unopposed and that the District Court grant MTGLQ's motion and dismiss Plaintiff's claims against Bank of America and MTGLQ with prejudice.

**I.    PROCEDURAL BACKGROUND**

Plaintiff Anthony Papapietro ("Plaintiff") instituted this action, asserting the following causes of action against Defendants Michael Howard Clott; Bjorn Koritz; John Murray; John Schwartz; Chad Adler ("Adler"); Joseph Schlamowitz; Christian DiPretoro; Marco Caridi;

1

Steckler, Gutman, Morrissey & Murray; Charles R. Cuneo ("Cuneo"); Alisa Liebowitz ("Liebowitz"); Erin Clott ("Erin"); Ryan Clott ("Ryan" and, collectively with Liebowitz and Erin, "Clott Defendants"); National Realty Recovery Co. LLC; National Residential Realty Fund, LLC; National Mortgage Recovery Group; Realty Recovery LLC; Real Estate Recovery LLC; Grand Bank, N.A. – Carnegie Mortgage ("Grand Bank"); Bank of America, N.A. % New Rez LLC, f/k/a New Penn Financial d/b/a Shellpoint Mortgage Servicing ("Bank of America"); Ocwen Loan Servicing ("Ocwen"); and MTGLQ Investors, LP, and its successors ("MTGLQ" and, collectively, "Defendants"): Count I for breach of a settlement agreement; Count II for breach of contract; Count III for violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 et seq.; Count IV for fraud; Count V for conversion; Count VI for unjust enrichment; Count VII for breach of fiduciary duty, theft of corporate opportunity, conversion of corporate assets, and waste; Count VIII for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); and Count IX for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA").  See generally ECF No. 1.

The undersigned previously issued a report and recommendation as to the motions to dismiss filed by Bank of America, Adler, Grand Bank, MTGLQ, Ocwen and Clott Defendants. See generally ECF No. 63.  The undersigned respectfully recommended that the motions be granted in their entirety and that Plaintiff be denied leave to amend, with the exception of Plaintiff's RESPA claim asserted against Bank of America and MTGLQ for the alleged failure to notify Plaintiff of the 2019 transfer of servicing between Bank of America and MTGLQ.  See id. at 42.  The District Court adopted the report and recommendation in full, granting the motions in their entirety and granting Plaintiff leave to amend only as to Plaintiff's "RESPA claims against

Bank of America and MTGLQ concerning the 2019 loan transfer between those two entities."[1] ECF No. 76 at 11.

Plaintiff filed an amended complaint, asserting the following causes of action seemingly against all Defendants: Count I for violation of RESPA and Count II for violation of TILA.[2] See generally ECF No. 84. Bank of America and MTGLQ[3] filed motions to dismiss the amended complaint. See generally ECF Nos. 85 & 86. Plaintiff responded to the motions, indicating that Plaintiff had not intended to assert any claims against Bank of America in his amended complaint and opposing MTGLQ's motion. See generally ECF No. 88. MTGLQ replied. See generally ECF No. 89. District Judge Rachel P. Kovner referred the motions to the undersigned.

---

[1] The Court dismissed this portion of the RESPA claim asserted against Bank of America and MTGLQ pursuant to Federal Rule of Civil Procedure 12(b)(6). See ECF No. 63 at 41; ECF No. 76 at 7-8.

[2] In his amended complaint, Plaintiff names as Defendants all originally named Defendants, including Adler, Grand Bank, Ocwen and Clott Defendants. See ECF No. 1 at 1; ECF No. 84 at 1. Given that all claims asserted by Plaintiff against Adler, Grand Bank, Ocwen and Clott Defendants were dismissed without leave to amend, see ECF No. 76 at 11, the Court respectfully recommends that all claims asserted by Plaintiff against Adler, Grand Bank, Ocwen and Clott Defendants in the amended complaint, to the extent that any such claims are asserted, be dismissed with prejudice.

[3] MTGLQ included with its motion a declaration and accompanying exhibits, of which the Court assumes that MTGLQ would like the Court to take judicial notice. See generally ECF Nos. 85-2-85-13. As discussed in the prior report and recommendation issued in this action, see generally ECF No. 63, in the present procedural posture, the Court may not consider these documents for their truth. See Lively v. WAFRA Invest. Advisory Grp., 6 F.4th 293, 304-05 (2d Cir. 2021) (reciting the general rule that "courts may on a Rule 12(c) motion – just as on a Rule 12(b)(6) motion – consider extrinsic material that the complaint incorporate[s] by reference, that is integral to the complaint, or of which courts can take judicial notice" but concluding that "the district court erred by relying on several documents attached to Defendants' answer in deciding their Rule 12(c) motion without converting it into a motion for summary judgment as required by Rule 12(d)" because, as to EEOC and federal court complaints, "[a]lthough the district court may have taken judicial notice that Kraut filed complaints with the EEOC and in federal court, the court erred to the extent that it accepted Kraut's allegations to be true" (citations & quotations omitted)).

3

See 9/20/2023 Order. Some of Plaintiff's claims are barred because Plaintiff did not have leave to include them in the amended complaint, and, as to Plaintiff's claim as to lack of notice of the disputed transfer, Plaintiff's amended complaint admits that he received notice of the disputed transfer. The Court declines to recommend dismissal on the two other grounds advocated by MTGLQ, namely that Plaintiff does not have standing to bring the claim, and that the complaint lacks sufficient specificity.

## I.     BANK OF AMERICA

Plaintiff's response to Bank of America's motion clarifies that "the gravamen of the Amended Complaint was addressed to Defendant, MTGLQ for its actions, and/or responsibility for the actions of its servicing agent, SELENE FINANCE ('SELENE')," and that, as such, Plaintiff has "no opposition to the motion to dismiss by co-defendant, Bank of America, which had nothing to do with the alleged wrongdoing alleged in this claim or count." ECF No. 88 at 3. As such, as suggested in Bank of America's motion to dismiss, see generally ECF No. 86-1, Plaintiff's amended complaint does not assert any claims against Bank of America, and the Court respectfully recommends that the District Court grant Bank of America's motion to dismiss as unopposed.

## II.    MTGLQ

In relation to MTGLQ's motion to dismiss, see generally ECF No. 85, the Court first addresses the motion in the context of the scope of leave to amend granted to Plaintiff, see ECF No. 76 at 11, then discusses the merits of the motion to dismiss.

### A.     Scope Of Leave To Amend

As a preliminary matter, the Court addresses whether the amendments made by Plaintiff in his amended complaint fall within the limited scope of leave to amend previously granted by

4

the District Court.

### i.  Standard Of Review

Federal Rule of Civil Procedure 15(a)(1) permits the amendment of a pleading without leave of court or the written consent of the opposing parties once, to take place no later than "21 days after serving it" or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  See also 3 James Wm. Moore et al., Moore's Federal Practice § 15.12 (3d ed. 2024) (noting that "[s]ervice of either a 'responsive pleading' or a 'motion under Rule 12(b), (e), or (f)' will begin a 21-day period within which an amendment as a matter of course is permitted" and that "[t]he earliest served responsive pleading or motion starts the single period running" (footnote omitted)).  In all other instances, Federal Rule of Civil Procedure 15(a)(2) requires either leave of court or the written consent of the opposing parties to amend a pleading.

### ii.  Discussion

Plaintiff was not permitted to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(1).  Plaintiff filed his original complaint, which constituted a pleading to which a responsive pleading was required, on March 10, 2022.  See generally ECF No. 1.  Cuneo filed his answer on April 14, 2022, which was the earliest responsive pleading or qualifying motion filed in response to the original complaint.  See generally ECF No. 7.  Therefore, in order to amend his complaint without leave of court or the written consent of the opposing parties, Plaintiff was required to do so on or before May 5, 2022, which was twenty-one days from the filing of Cuneo's answer.  Plaintiff filed his amended complaint on June 12, 2023, approximately fourteen months after Cuneo filed his answer.  See generally ECF No. 84.  As such, Plaintiff did

5

not satisfy the requirements of Federal Rule of Civil Procedure 15(a)(1), and he was not permitted to amend his complaint as a matter of course.

Plaintiff was permitted to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).[4] The scope of the leave to amend granted was limited to Plaintiff's "RESPA claims against Bank of America and MTGLQ concerning the 2019 loan transfer between those two entities." ECF No. 76 at 11. Plaintiff's submission violated this Rule and the Order because the amended complaint extends beyond the scope of this leave to amend in three ways.

First, although only tangentially related to MTGLQ's motion to dismiss, the leave to amend granted did not encompass the addition of any new Defendants. See ECF No. 76 at 11. The District Court granted Plaintiff leave to amend only as to Plaintiff's "RESPA claims against Bank of America and MTGLQ concerning the 2019 loan transfer between those two entities." Id. Plaintiff states that he "brings this amended complaint . . . against Defendant MTGLQ Investors, LP, (MTGLQ), and SELENE FINANCE, L.P (SELENE) and its successors, if any."[5] ECF No. 84 ¶ 1. As such, the Court respectfully recommends that any purported claims asserted by Plaintiff against Selene in the amended complaint, to the extent that any such claims are asserted, be dismissed.

Second, the leave to amend granted did not encompass Plaintiff's RESPA claim against Bank of America and MTGLQ for the alleged failure to respond to qualified written requests. See ECF No. 76 at 11; see also ECF No. 63 at 25-27 (concluding that, as to Plaintiff's RESPA claim for the alleged failure "to satisfy the applicable requirements in relation to transfers of loan

---

[4] Plaintiff did not have the written consent of the opposing parties to amend his complaint but, rather, was granted limited leave to amend by the District Court. See ECF No. 76 at 11.

[5] Plaintiff does not name Selene Finance, L.P. ("Selene") as a Defendant in the case caption. See generally ECF No. 84.

6

servicing," as required by 12 U.S.C. §§ 2605(b), (c), "[t]he only transfer potentially within the three-year statute of limitations is . . . the transfer to MTGLQ, purportedly from Bank of America" and concluding that, as to Plaintiff's RESPA claim for the alleged failure "to satisfy the applicable requirements in relation to . . . responses to qualified written requests," as required by 12 U.S.C. § 2605(e), all such claims are time-barred (citation omitted)). Plaintiff states that

> [t]he purpose of this Amended Complaint is to seek damages from the named defendants, for their failures to respond to several Qualified Written Requests (QWR's) [sic] for information concerning the ownership, and/or transfers of ownership of the subject mortgage, which information was essential to plaintiff in order to defend against a foreclosure action brought by MTGLQ in 2019, in the County of Richmond[,] . . . wherein Plaintiff was a named Defendant as a borrower on said mortgage along with other members of my family.

ECF No. 84 ¶ 2; see id. ¶¶ 12-13, 16-21, 22, 25-30. As such, the Court respectfully recommends that any claims asserted by Plaintiff against MTGLQ in the amended complaint for violation of RESPA by failure to respond to qualified written requests as required be dismissed.

Third, the leave to amend granted did not permit Plaintiff to replead his TILA claim against Bank of America or MTGLQ. See ECF No. 76 at 11. Plaintiff asserts a TILA claim against MTGLQ in his amended complaint. See ECF No. 84 ¶¶ 30-33. As such, the Court respectfully recommends that any claims for violation of TILA asserted by Plaintiff against MTGLQ in the amended complaint be dismissed.

### B. Merits of the Motion to Dismiss

The Court addresses below whether dismissal of Plaintiff's "RESPA claims against . . . MTGLQ concerning the 2019 loan transfer between" Bank of America and MTGLQ is warranted. ECF No. 76 at 11.

7

i.   **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert the defense of failure to state a claim upon which relief can be granted by motion. Courts addressing motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the" plaintiff. New England Carpenters Guaranteed Annuity and Pension Funds v. DeCarlo, 80 F.4th 158, 168 (2d Cir. 2023) (citation omitted). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sierra Club v. Con-Strux, LLC. 911 F.3d 85, 88 (2d Cir. 2018) (citation & quotations omitted).

ii.   **Discussion**

RESPA permits the lender of a federally related mortgage loan to assign, sell or transfer the servicing of the loan to another person or entity. See 12 U.S.C. § 2605(a); see also 12 U.S.C. § 2602(5). Under these circumstances, RESPA requires that both the transferor and transferee servicers[6] of the federally related mortgage loan provide notice to the borrower of such transfer within specific timeframes. See 12 U.S.C. §§ 2605(b), (c).

Plaintiff's allegations in relation to the 2019 transfer between Bank of America and MTGLQ amount to the following: (1) a transfer of interest in the mortgage at issue between Bank of America and MTGLQ took place in 2019, see ECF No. 84 ¶ 3 (stating that, "[u]pon information and belief, and sometime in 2019, a transfer of ownership interest in the subject

---

[6] A "servicer" is, with certain exceptions not relevant here, "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). "Servicing" is "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

8

mortgage was made between MTGLQ INVESTORS, LP, and Bank of America"); (2) MTGLQ maintained an interest in the mortgage at issue and also was the servicer for the loan underlying the mortgage, see id. ¶ 8 (stating that "Defendants," which includes MTGLQ, "were both the owner and/or servicers of the Note/Mortgage referenced herein"); (3) Selene was the servicer of the loan underlying the mortgage, see id. ¶ 6 (stating that Selene "was acting as the agent/servicer for MTGLQ"); id. ¶ 7 (stating that Selene was "the authorized servicing agent for MTGLQ"); id. ¶ 12 (stating that Selene "was the authorized servicer/agent for MTGLQ with respect to this loan"); (4) Plaintiff was never informed of the 2019 transfer of interest in the mortgage at issue between Bank of America and MTGLQ, see id. ¶ 3 (stating that the 2019 transfer "was never disclosed to plaintiff, in violation of the disclosure requirements of" RESPA); and (5) Selene "sent Plaintiff a servicing transfer letter," id. ¶ 26.[7]

Where, as here, a "plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." Spiteri v. Russo, No. 12 Civ. 2780, 2013 WL 4806960, at *8 (E.D.N.Y. Sept. 7, 2013) (citation & quotations omitted), aff'd sub nom. Spiteri v. Camacho, 62 F. App'x 9 (2d Cir. 2015). Further, where "specific allegations . . . directly contradict general allegations," the specific allegations "will generally control." Carson Optical Inc. v. eBay Inc., 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016) (reasoning that "[a]ny generalized allegation that defendant had

---

[7] Plaintiff does not distinguish between the transfer of interest in the mortgage itself and the transfer of servicing of a federally related mortgage loan, which is the subject of 12 U.S.C. § 2605, pursuant to which he asserts a RESPA claim. In view of Plaintiff's allegations that MTGLQ maintained an interest in the mortgage and serviced the underlying loan and that Selene serviced the underlying loan, and drawing all inferences from Plaintiff's allegations in the light most favorable to him, as the Court is required to do at this juncture, see New England Carpenters, 80 F.4th at 168 (citation omitted), the Court construes Plaintiff's allegations as to the 2019 transfer between Bank of America and MTGLQ as tantamount to a transfer of servicing, implicating the notice provisions of 12 U.S.C. § 2605.

9

actual knowledge that the induced acts constituted infringement is undercut by plaintiff's far more specific allegation that defendant explicitly refused to evaluate plaintiff's claims of patent infringement by merchants selling products on eBay," constituting an allegation of willful blindness, and, as such, concluding that "plaintiff has inadequately pled that defendant had actual knowledge that the induced acts constituted infringement" (citation omitted)); see DPWN Holdings (USA), Inc. v. United Air Lines, Inc., 747 F.3d 145, 151-52 (2d Cir. 2014) (reasoning that, "[a]lthough factual allegations of a complaint are normally accepted as true on a motion to dismiss, that principle does not apply to general allegations that are contradicted by more specific allegations in the [c]omplaint" (citations & quotations omitted)).

Plaintiff's general allegation that he was never informed of the 2019 transfer between Bank of America and MTGLQ, which is the fourth allegation listed above, and Plaintiff's more specific allegation that Selene, MTGLQ's servicer, sent Plaintiff a notice of the transfer, which is the fifth allegation listed above, are in direct contradiction. Plaintiff's more specific allegation that Selene, the agent of MTGLQ, sent him notice of the 2019 transfer controls. Therefore, given that Plaintiff's complaint alleges that he did receive notice of the 2019 transfer from MTGLQ's servicer, and given that Plaintiff's amended complaint does not allege any temporal or substantive deficiencies with such notice, see generally ECF No. 84, the Court respectfully recommends dismissal of the RESPA claim as to MTGLQ.[8, 9]

---

[8] Although Bank of America's failure to provide the required notice of the 2019 transfer, as required by RESPA, is a reasonable inference to be drawn from Plaintiff's general factual allegation, Plaintiff has clarified for the Court that he has "no opposition to the motion to dismiss by co-defendant, Bank of America, which had nothing to do with the alleged wrongdoing alleged in this claim or count." ECF No. 88 at 3.

[9] This basis for the recommended dismissal is an independently sufficient basis for the recommendation. Nonetheless, for the sake of completeness, the Court addresses MTGLQ's two

10

### III.  OBJECTIONS

This report and recommendation will be posted on the docket and mailed to Plaintiff at 48 Orange Street, Staten Island, NY 10302.  Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections.  Failure to file objections within fourteen days will preclude further review of this report and recommendation by both the District Court and the

---

remaining arguments.

First, MTGLQ argues that Plaintiff is not entitled to relief pursuant to RESPA because he is not a "borrower" pursuant to RESPA, given that he is a signatory only to the mortgage at issue and not to the promissory note.  See ECF No. 85-1 at 13.  The decision from the Northern District of New York cited by MTGLQ does not stand for the proposition for which MTGLQ cites it.  There, the Northern District of New York held that "it is clear that Plaintiff does not have standing to bring a RESPA claim on the Zebrowski mortgage and mortgage note" because "Plaintiff is not a borrower or otherwise obligated on the Zebrowski mortgage and mortgage note and did not suffer an injury-in fact."  Garrasi v. Selene Finance, LP, 407 F. Supp. 3d 110, 116 (N.D.N.Y. 2019) (citations & quotations omitted); see also Hunte v. Rushmore Loan Mgmt. Servs., LLC, No. 22 Civ. 2169 (KMK), 2023 WL 2504734, at *5-6 (S.D.N.Y. Mar. 14, 2023) (concluding that "it is clear that JH does not have standing to bring a RESPA claim," given that "JH is not a borrower or otherwise obligated on the [Property] mortgage and mortgage note and did not suffer an injury-in fact" and that "EH – and EH alone – obtained a home mortgage on the Property," with "JH . . . not [being] listed as a party to the mortgage loan documents [or] . . . claim[ing] ownership of the Property" and only "writ[ing] his name on several of EH's loan documents describing himself as EH's [a]ttorney-in-fact" (citations & quotations omitted)).  Here, by MTGLQ's own admission, Plaintiff was obligated on the mortgage and, as such, had an interest in the mortgage and underlying loan such that Plaintiff's status would not preclude him from asserting a RESPA claim.

Second, MTGLQ argues that Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), in that its allegations are "vague and conclusory" and "hardly mention[] MTGLQ" and, instead, lumps together the allegations against Defendants.  See ECF No. 85-1 at 9-10 (citations omitted).  Plaintiff's allegations pertaining to MTGLQ, discussed supra, Sec. II(B)(ii), are sufficiently specific as to MTGLQ's alleged actions, or lack thereof, pertaining to the RESPA claim relating to the 2019 transfer such that dismissal of the claim against MTGLQ pursuant to Federal Rule of Civil Procedure 8(a)(2) would not be warranted.

11

Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F. 4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision" (citation & quotations omitted)).

Dated: Brooklyn, New York
       February 5, 2024

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge