UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
ANTHONY PAPAPIETRO,                            :
                                               :
                        Plaintiff,             :
                                               :      **REPORT AND RECOMMENDATION**
        -against-                              :
                                               :          22 Civ. 1318 (RPK) (VMS)
MICHAEL HOWARD CLOTT; BJORN                    :
KORITZ; JOHN MURRAY; JOHN                      :
SCHWARTZ; JOSEPH SCHLAMOWITZ;                  :
CHRISTIAN DIPRETORO; MARCO CARIDI;             :
STECKLER, GUTMAN, MORRISSEY &                  :
MURRAY; CHARLES R. CUNEO; NATIONAL             :
REALTY RECOVERY CO. LLC; NATIONAL              :
RESIDENTIAL REALTY FUND, LLC;                  :
NATIONAL MORTGAGE RECOVERY                     :
GROUP; REALTY RECOVERY LLC; REAL               :
ESTATE RECOVERY LLC,                           :
                                               :
                        Defendants.            :
--------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

Presently before the Court is the motion, filed by Defendant Marco Caridi ("Mr. Caridi" or "Defendant"), to dismiss the claims asserted against him by Plaintiff Anthony Papapietro ("Mr. A. Papapietro" or "Plaintiff"). See generally ECF Nos. 92-92-1. Mr. A. Papapietro opposed the motion. See generally ECF No. 98. For the reasons discussed below, the Court respectfully recommends that Defendant's motion be granted and that Mr. A. Papapietro's claims against Defendant be dismissed with prejudice.

I.      BACKGROUND

The Court first discusses the procedural history then discusses the factual allegations made in the complaints.

A.    **Procedural History**

1.    **The Original Complaint**

Mr. A. Papapietro instituted this action, asserting the following causes of action against Defendants:[1] Counts I and II for breach of contract; Count III for violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961 et seq. ("RICO"); Count IV for fraud; Count V for conversion; Count VI for unjust enrichment; Count VII for breach of fiduciary duty, theft of corporate opportunity, conversion of corporate assets and waste; Count VIII for violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"); and Count IX for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA").  See generally ECF No. 1 (the "Original Complaint").

Mr. M.H. Clott moved to dismiss the claims in the Original Complaint.  See generally ECF Nos. 6 & 36; 4/11/2022 Order.  Subsequent to the filing of an amended complaint, see supra, Sec. I(A)(2); see generally ECF No. 84, the District Judge denied the motion as moot, see 6/27/2023 Order.

---

[1] At the time, Defendants in the action were Michael Howard Clott ("Mr. M.H. Clott"); Bjorn Koritz ("Mr. Koritz"); John Murray ("Mr. Murray"); John Schwartz ("Mr. Schwartz"); Chad Adler ("Mr. Adler"); Joseph Schlamowitz ("Mr. Schlamowitz"); Christian DiPretoro ("Mr. DiPretoro"); Mr. Caridi; Steckler, Gutman, Morrissey & Murray ("Steckler"); Charles R. Cuneo ("Mr. Cuneo"); Alisa Liebowitz ("Ms. Liebowitz"); Erin Clott ("Ms. Clott"); Ryan Clott ("Mr. R. Clott"); National Realty Recovery Co. LLC a/k/a National Residential Realty Fund, LLC, National Mortgage Recovery Group, Realty Recovery LLC, and Real Estate Recovery LLC ("National Realty Recovery"); Grand Bank, N.A./Carnegie Mortgage ("Grand Bank"); Bank of America % New Rez LLC., f/k/a New Penn Financial d/b/a Shellpoint Mortgage Servicing ("Bank of America"); Ocwen Loan Servicing ("Ocwen"); and MTGLQ Investors, LP and its successors ("MTGLQ" and, collectively with Mr. M.H. Clott, Mr. Koritz, Mr. Murray, Mr. Schwartz, Mr. Adler, Mr. Schlamowitz, Mr. DiPretoro, Mr. Caridi, Steckler, Mr. Cuneo, Ms. Liebowitz, Ms. Clott, Mr. R. Clott, National Realty Recovery, Grand Bank, Bank of America and Ocwen, "Defendants").  See ECF No. 1 at 1; 9/26/2022 Order.

Within ten days, Mr. Cuneo answered the Original Complaint.  See generally ECF No. 7.

During the next four months, Bank of America, see generally ECF Nos. 14-14-15; Mr. Adler, see generally ECF Nos. 23-23-2; Grand Bank, see generally ECF Nos. 24-24-2; MTGLQ, see generally ECF Nos. 25-25-14; Ocwen, see generally ECF Nos. 26-26-3; and Ms. Liebowitz, Ms. Clott and Mr. R. Clott, see generally ECF Nos. 40-45, moved to dismiss the Original Complaint.  On referral from the District Judge, see 7/12/2022 Order, the undersigned recommended that the District Judge grant the motions, without giving Mr. A. Papapietro the opportunity to replead, with one exception: permitting repleading as to the transfer of servicing claim against Bank of America and MTGLQ in Count IX for violation of RESPA, with certain limitations, see ECF No. 63 at 42.  The District Judge overruled the objections to the report and recommendation, and the District Judge adopted it in full.  See generally ECF No. 76.

Mr. Caridi answered the Original Complaint.  On August 3, 2022, Mr. Caridi then moved for leave to file a motion to dismiss the claims in the Original Complaint, despite having answered.  See generally ECF No. 57.  On referral from the District Judge, see 8/5/2022 Order, the undersigned granted the motion, permitting Mr. Caridi either to withdraw his answer and file a motion pursuant to Federal Rule of Civil Procedure 12(b), or to file a motion pursuant to Federal Rule of Civil Procedure 12(c).  Mr. Caridi timely filed a motion pursuant to Federal Rule of Civil Procedure 12(b).  See generally ECF No. 67.  Neither an opposition nor a reply was filed.  Subsequent to the filing of the amended complaint, see supra, Sec. I(A)(2), the District Judge denied Mr. Caridi's motion to dismiss as moot, see 6/27/2023 Order.

## 2.    The Amended Complaint

Mr. A. Papapietro timely filed an amended complaint.  See generally ECF No. 84 (the "Amended Complaint"); see ECF No. 76 at 11 (setting the deadline for the filing of an amended

complaint as May 1, 2023); 4/25/2023 Order (granting a motion for extension of time to file an amended complaint by May 15, 2023); 5/1/2023 Order (staying the deadline for the filing of an amended complaint pending the resolution of a bankruptcy-related issue); 6/2/2023 Order (resolving the bankruptcy-related issue and setting the deadline for the filing of an amended complaint as June 16, 2023).  Plaintiff asserted the following causes of action, seemingly against all Defendants:[2] Count I for a violation of RESPA and Count II for a violation of TILA.  See generally ECF No. 84.

On June 26, 2023, MTGLQ, see generally ECF Nos. 85-85-14, and Bank of America, see generally ECF Nos. 86-86-2, moved to dismiss the claims in the Amended Complaint.  On referral from the District Judge, see 9/20/2023 Order, the undersigned recommended that the District Judge grant the motions, see generally ECF No. 90.  The District Judge deemed the objections to the report and recommendation to be improper and adopted it in full.  See 3/25/2024 Order.

On March 1, 2024, Mr. Caridi then moved to dismiss the claims in the Amended Complaint.  See generally ECF Nos. 92-92-1.[3]  The District Judge ordered the filing of an

---

[2] In the Amended Complaint, Mr. A. Papapietro named as Defendants all originally named Defendants, including Mr. Adler, Grand Bank, Ocwen Ms. Liebowitz, Ms. Clott and Mr. R. Clott.  See ECF No. 1 at 1; ECF No. 84 at 1.  Given that all claims asserted by Mr. A. Papapietro against Mr. Adler, Grand Bank, Ocwen Ms. Liebowitz, Ms. Clott and Mr. R. Clott were dismissed without leave to amend, see ECF No. 76 at 11, the undersigned recommended that all claims asserted by Mr. A. Papapietro against Mr. Adler, Grand Bank, Ocwen Ms. Liebowitz, Ms. Clott and Mr. R. Clott in the amended complaint, to the extent that any such claims were asserted, be dismissed with prejudice, see ECF No. 90 at 3 n.2, which the District Judge ordered, see 3/25/2024 Order.

[3] Although Mr. Caridi's motion was filed long after the deadline for doing so, without any extension, Mr. A. Papapietro has not raised any related argument, and, as such, any such argument is waived.  The Court sua sponte grants an extension of time for the filing of Mr. Caridi's answer or other response to the Amended Complaint to March 1, 2024, nunc pro tunc.

opposition and permitted the filing of a reply.  See 3/4/2024 Order.  Mr. A. Papapietro timely filed an opposition, see generally ECF No. 98, and Mr. Caridi did not file a reply.  The District Judge referred the motion to the undersigned.  See 9/17/2024 Order.

### B.    Factual Allegations[4]

#### 1.    The Inception Of The Businesses

Non-party Rocco Papapietro, Jr. ("Mr. R. Papapietro") met Mr. M.H. Clott in or about May 2004.  See ECF No. 1 at 6.[5]  The pair engaged in the business of purchasing and reselling distressed homes, operating as National Realty Recovery.  See id. at 8.  Mr. M.H. Clott approached Mr. R. Papapietro about mortgaging properties owned by Mr. A. Papapietro to show investors in the business its serious nature.  See id. at 9.  Mr. A. Papapietro received assurances from Mr. R. Papapietro, Mr. M.H. Clott and Mr. Koritz, an attorney, that any mortgage loans on his properties would have rescission clauses and be "revisable" at any time.  See id. at 10.  Mr. A. Papapietro decided to mortgage three "jointly" owned properties: (1) 62 Tabb Place, Staten Island, New York 10302 (the "Tabb Place Property"); (2) 342 Hawk Mew Circle, Greentown,

---

[4] The facts recited herein are drawn directly from the Original Complaint in order to give some context for the claims in dispute.  See generally ECF No. 1.  The Court refers to the allegations in the Original Complaint, as opposed to in the Amended Complaint, for the reasons discussed, infra, Sec. III(B).  Although the Original Complaint is incomplete as to the full history of how several events occurred, the facts alleged therein are assumed to be correct for purposes of the motion before the Court.

[5] Although the Court would usually refer to allegations in a complaint by paragraph number, the Court instead refers to the page number because the Original Complaint does not contain sequentially numbered paragraphs.

Pennsylvania 18436 (the "Hawk Mew Circle Property");[6] and 49 Orange Avenue, Staten Island, New York 10302 (the "Orange Avenue Property").  See id. at 10.

### 2.    The Tabb Place Property

On April 4, 2007, Mr. A. Papapietro mortgaged the Tabb Place Property for $300,000.00 at 6.5% annually, with a monthly payment of $1,896.20.  See id.  Carnegie Mortgage, LLC d/b/a Liberty Home Mortgage brokered the loan, see id.; this entity merged with First Bank in 2019, see id. at 5.  On or about April 4, 2007, pursuant to the loan, $198,596.06 was transferred into Mr. R. Papapietro's account at Sovereign Bank.  See id. at 10.  Mr. R. Papapietro, through Mr. Koritz, called for the rescission of the loan on April 5, 2007.  See id. at 10-12.  On April 10, 2007, $198,596.06 were transferred from Mr. R. Papapietro's account at Sovereign Bank to an account at First Horizon Bank, with Mr. M.H. Clott named as the beneficiary.  See id. at 10.  Mr. A. Papapietro did not know about, and did not consent to, the transactions.  See id.  Mr. M.H. Clott apparently "ordered the loans to be funded" and obtained the funds.  Id. at 13-14.  Mr. M.H. Clott transferred $370,000 to Mr. R. Papapietro's bank account in April 2008, which was used to satisfy the mortgage loan.  See id. at 22.

### 3.    The Hawk Mew Circle Property

On April 13, 2007, Mr. A. Papapietro mortgaged the Hawk Mew Circle Property for $120,750.00 at 8.25% annually, with a monthly payment of $907.15.  See id. at 11.  Carnegie Mortgage, LLC d/b/a Liberty Home Mortgage brokered the loan, see id.; this entity merged with First Bank in 2019, see id. at 5.  Mr. R. Papapietro, through Bjorn Koritz, called for the

---

[6] Mr. A. Papapietro notes that the address for this property was changed to 8 Hawk Mew, Lake Ariel, Pennsylvania 18426, see ECF No. 1 at 4, and he uses the two addresses interchangeably throughout the Original Complaint, see generally ECF No. 1.  Plaintiff additionally refers to the original address of the property as 342 Hawk Mew Indian Rocks, Salem, Pennsylvania 18436.  See id. at 25.

rescission of the loan that same day it was issued, on April 13, 2007. See id. at 11-12. Mr. M.H. Clott apparently "ordered the loans to be funded" and obtained the funds. Id. at 13-14. Bank of America currently holds the mortgage loan and is seeking to foreclose on the Hawk Mew Circle Property. See id. at 2.

### 4. The Orange Avenue Property

On July 10, 2007, Mr. A. Papapietro mortgaged the Orange Avenue Property for $364,000.00 at 7.375% annually, with a monthly payment of $2,514.06. See id. at 11. Carnegie Mortgage, LLC d/b/a Liberty Home Mortgage brokered the loan, see id.; this entity merged with First Bank in 2019, see id. at 5. Mr. R. Papapietro called for the rescission of the loan on the same day it was issued, on July 10, 2007. See id. at 11-12. Mr. M.H. Clott apparently "ordered the loans to be funded" and obtained the funds. Id. at 13-14. The loan was transferred to Countrywide Home Loans shortly after the loan's origination, see id. at 11, and Countrywide Home Loans was thereafter sold to Bank of America in 2009, see id. at 4. MTGLQ purchased the mortgage loan in 2019, purportedly from Bank of America, and it is currently seeking to foreclose on the Orange Avenue Property. See id. at 3.

### 5. Realization As To The "Schemes"

Mr. A. Papapietro received a monthly statement from Countrywide Home Loans and "realized something was wrong and he had been scammed by all the Defendant(s)." Id. at 14. Mr. M.H. Clott informed Mr. R. Papapietro that the loans were in the process of rescission, which was simply delayed; that Mr. M.H. Clott was making monthly payments on the mortgage loans to prevent foreclosure; and that Mr. A. Papapietro would receive his returned funds shortly. See id. at 16. Mr. A. Papapietro and Mr. R. Papapietro engaged in subsequent communications with Mr. Koritz, and Mr. R. Papapietro also engaged in subsequent communications with Ms.

Liebowitz, Ms. Clott, Mr. R. Clott and Mr. DiPretoro regarding the circumstances, to no avail. See id. at 16-17.

### 6.    Mr. Caridi's Alleged Involvement

Funds were transferred to Mr. R. Papapietro's "bank account with Sovereign Bank . . . on April [4 or] 9, 2007 ($198,596.06), [without Mr. R. Papapietro's knowledge]; April 13, 2007 ($112,461.76)[;] and April 16, 2007 ($16,850.00)" by Mr. Caridi's law firm.  Id. at 10, 13. Further, Mr. Caridi assumed a "strategic position[]" with National Residential Realty Fund, LLC and "stole" its "corporate funds for . . . personal gains and to pay for . . . personal expenses and lavish lifestyles," such that he breached "fiduciary duties as [a] corporate officer[], committed conversion of the corporate assets, . . . committed waste of corporate assets," and committed "theft of corporate opportunity."  Id. at 31-32.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert the defense of failure to state a claim upon which relief can be granted by motion.  Courts addressing motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the" plaintiff.  New England Carpenters Guaranteed Annuity & Pension Funds v. DeCarlo, 122 F.4th 28, 39 (2d Cir. 2023) (citation omitted).  A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018) (citation & quotations omitted).  The defense of statute of limitations can be raised in a motion to dismiss if, on the fact of the complaint, a claim is untimely.  See Conn. Gen. Life Ins. Co. v. BioHealth Labs., Inc., 988 F.3d 127, 131-32 (2d Cir. 2021) (stating that, "[a]lthough the statute of limitations is ordinarily an affirmative defense that

must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6)

motion if the defense appears on the face of the complaint" (citations & quotations omitted));

Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citation

omitted).

## III.    DISCUSSION

### A.    The Amended Complaint

The Amended Complaint does not contain any allegations relating to Mr. Caridi and,

instead, appears to be responsive only to the limited leave to amend previously granted by the

Court as to MTGLQ and Bank of America.  See ECF No. 76 at 11 (granting leave to amend); see

generally ECF No. 84 (the Amended Complaint).  To the extent that Plaintiff intended to assert

any claims against Mr. Caridi in the Amended Complaint, as Mr. Caridi is named as a Defendant

in the Amended Complaint, the Court respectfully recommends that such claims be dismissed

because the Amended Complaint does not contain any allegations against Mr. Caridi.

### B.    The Original Complaint[7]

The Court addresses below whether the claims asserted in the Original Complaint are

barred by the applicable statutes of limitations, first as to the RESPA claim, as to which the

Court also considers whether a claim is stated, and whether the claims asserted in the Original

Complaint are barred by res judicata.

---

[7] Although "an amended pleading ordinarily supersedes the original and renders it of no legal effect," Pettaway v. Nat'l Recovery Sols., LLC, 955 F.3d 299, 303 (2d Cir. 2020) (citation & quotations omitted), in view of Mr. A. Papapietro's opposition to Mr. Caridi's motion, see generally ECF No. 98, he does not appear to have intended to abandon his claims against Mr. Caridi, which would be the result here if the Court were to consider only the Amended Complaint.  As such, the Court considers the Original Complaint in the interest of a complete record and resolution of this matter, and because of Plaintiff's pro se status.

1. **Mr. A. Papapietro's Claims Against Mr. Caridi Are Barred By The Applicable Statutes of Limitations, Which Were Not Tolled**

The Court addresses below whether Mr. A. Papapietro's claims against Mr. Caridi are barred by the applicable statutes of limitations and, if so, whether such statutes of limitations were tolled.

a. **Mr. A. Papapietro's Claims Against Mr. Caridi Are Barred By The Applicable Statutes of Limitations**

Mr. Caridi contends that Mr. A. Papapietro "has not presented any claims that are not barred by the appropriate statute of limitations." ECF No. 92-1 ¶ 9. The Court respectfully recommends dismissal of all claims on this basis, which the Court suggests is appropriate in view of the overlapping allegations and the Court's analysis and conclusions in a prior report and recommendation, see generally ECF No. 63, adopted by the District Judge, see generally ECF No. 76, such that the analysis and conclusions are now the law of the case. See Choi v. Tower Research Capital LLC, 2 F.4th 10, 21 (2d Cir. 2021) (describing the law-of-the-case doctrine as a doctrine that "forecloses reconsideration of issues that were decided – or that could have been decided – during prior proceedings" and that "applies both to that which is expressly decided as well as to everything decided by implication" and reasoning that, "[w]hile the doctrine does not rigidly bind [us] to [our] former decisions, we generally adhere to prior decisions in subsequent stages of the same case unless cogent and compelling reasons militate otherwise," with such reasons including "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (citations & quotations omitted)).

### a.    Federal Claims

#### i.    Violation Of RICO (Count III)

Civil RICO claims are subject to a four-year statute of limitations.  See Cohen v. S.A.C. Trading Corp., 711 F.3d 353, 361 (2d Cir. 2013) (citations omitted).  Civil RICO claims accrue "when the plaintiff discovers or should have discovered the RICO injury."  Id. (citations & quotations omitted).

The basis for Mr. A. Papapietro's civil RICO claim is the "withdr[awal of] the money and use[] [of] it for personal gains and elaborate lifestyles."  ECF No. 1 at 28.  The withdrawals allegedly occurred in 2007.  See id. at 20.  Mr. Papapietro alleges that, in 2008, he "became convinced that Clott and Koritz had taken [him] . . . to the proverbial cleaners."  Id. at 22.  Given that Mr. Papapietro's civil RICO claim accrued at the latest in 2008, the statute of limitations on such claim expired in 2012, and it is time-barred as to Mr. Caridi, given that this case was filed in 2022.

#### ii.    Violation Of TILA (Count VIII)

TILA claims for which rescission is sought are generally subject to a three-year statute of limitations.  Under 15 U.S.C. § 1635,

> [a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

TILA claims for which damages are also sought are generally subject to a one-year statute of limitations. See 15 U.S.C. § 1640 (stating that "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation"). TILA claims accrue on the date of the alleged violation, which "is no later than the date the plaintiff enters the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiffs." Latouche v. Wells Fargo Home Mortgage Inc. 752 F. App'x 11, 12-13 (2d Cir. 2018) (citation & quotations omitted); Barnett v. Countrywide Bank, FSB, 60 F. Supp. 3d 379, 392-93 (E.D.N.Y. 2014) (stating that "[t]he date of the occurrence of the violation is the date on which the borrower accepts the creditor's extension of credit," in relation to the one-year statute of limitations applicable to claims for damages under TILA, and reasoning "that any TILA right to rescission lasts only three years from the date of closing of the loan" (citations & quotations omitted)).

The allegations underlying Mr. A. Papapietro's cause of action asserted pursuant to TILA are that he was informed that he could rescind the subject mortgages within three days of signing but that his exercise of his right to rescind was not implemented, despite his attempts. See ECF No. 1 at 32-33. As Mr. A. Papapietro allegedly executed the mortgages in 2007, see id. at 5, and as the loans were allegedly funded in 2007, see id. at 33, the statute of limitations for a rescission claim expired in 2010, and the statute of limitations for a damages claim expired in 2008. These claims against Mr. Caridi are time-barred.

### iii.    Violation Of RESPA (Count IX)

Claims for violation of RESPA are subject to a three-year statute of limitations if brought pursuant to 12 U.S.C. § 2605 "from the date of the occurrence of the violation." 12 U.S.C. § 2614. RESPA claims accrue on the date of the alleged violation. See Gorbaty v. Wells Fargo

<u>Bank, N.A.</u>, No. 10 Civ. 3291 (NGG) (SMG), 2014 WL 4742509, at *10 (E.D.N.Y. Sept. 23, 2014) (stating that RESPA's statute of limitations "runs from the date of the alleged violation" (citations & footnote omitted)).

      The basis for Mr. Papapietro's RESPA claim is that Defendants allegedly failed to satisfy the applicable requirements in relation to transfers of loan servicing and responses to qualified written requests. <u>See</u> ECF No. 1 at 34. Given that Mr. Caridi's alleged role in the events at issue was unrelated to transfers of loan servicing and responses to qualified written requests, the Court recommends dismissal for failure to state a claim upon which relief may be granted, in view of the absence of underlying allegations as to Mr. Caridi, as opposed to dismissal on statute of limitations grounds. In any event, the allegations specifically relating to Mr. Caridi are based on conduct that occurred in 2007, such that any RESPA claim alleged against Mr. Caridi would have been time-barred more than a decade prior to the commencement of the instant action.

b.    **State Claims**[8]

i.    **Breach Of Contract (Counts I And II)**

Claims for breach of contract are subject to a six-year statute of limitations.  See NY

CPLR § 213(2).  As to accrual, "[i]n New York, an action upon a contractual obligation or

liability, express or implied, must be commenced within six years of the alleged contractual

---

[8] The statutes of limitations applicable to Mr. Papapietro's state claims are supplied by state law, as "it is beyond cavil that federal courts apply state limitations rules to state-law claims regardless of the jurisdictional circumstances." Connecticut General Life Ins. Co. v. BioHealth Labs., Inc., 988 F.3d 127, 137 (2d Cir. 2021) (citations omitted).  Mr. A. Papapietro and Mr. Caridi fail to address the question of choice of law as to the applicable statutes of limitations, namely whether they are supplied by New York or Pennsylvania law.  As to which state's law supplies the applicable statutes of limitations, "[a] federal court sitting in diversity or adjudicating state law claims that are pendent to a federal claim must apply the choice of law rules of the forum state." Berlin v. JetBlue Airways Corp., 436 F. Supp. 3d 550, 564 (E.D.N.Y. 2020) (citations & quotations omitted).  The forum state here is New York, so the Court applies New York's analysis to determine whether New York or Pennsylvania statutes of limitations apply here.

Under New York law, "[s]tatutes of [l]imitation are generally considered procedural because they are [v]iewed as pertaining to the remedy rather than the right," and "procedural matters are governed by the law of the forum." Nestor v. Putney Twombly Hall & Hirson, LLP, 61 N.Y.S.3d 248, 251 (2nd Dep't 2017) (citations & quotations omitted); see 2138747 Ontario, Inc. v. Samsung C & T Corp., 78 N.Y.S.3d 703, 706 (2018) (stating that "statutes of limitations are considered procedural because they are deemed as pertaining to the remedy rather than the right" (citation & quotations omitted)).

NY CPLR § 202, which "is an abiding part of New York's procedural law," 2138748 Ontario, Inc., 78 N.Y.S.3d at 706, provides that

> an action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

Even assuming arguendo that Mr. A. Papapietro's claims pertaining to the Hawk Mew Circle Property accrued in Pennsylvania, New York's statutes of limitations would apply to Mr. Papapietro's state claims, given his status as a New York resident litigating in New York.  See ECF No. 1 at 2.

breach." Miller v. Metropolitan Life Ins. Co., 979 F.3d 118, 121 (2d Cir. 2020) (citations & quotations omitted); see Deutsche Bank Nat'l Trust Co. as Trustee for Harborview Mortg. Loan Trust v. Flagstar Capital Markets Corp., 88 N.Y.S.3d 96, 99 (2018) (stating that, "[i]n New York, the default accrual rule for breach of contract causes of action is that the cause of action accrues when the contract is breached" and that, "[e]xcept in cases of fraud where the statute expressly provides otherwise, the statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury" (citations & quotations omitted)).

The basis for Mr. A. Papapietro's first cause of action for breach of contract is the alleged breach of a June 5, 2009, settlement agreement. See ECF No. 1 at 27. Mr. A. Papapietro alleges that he instituted an action in or about March 2010 due to the alleged breach of the settlement agreement for failure to tender payments owed. See id. at 19. Given that the alleged breach would have necessarily occurred by the time the action commenced, the statute of limitations for Mr. Papapietro's first cause of action for breach of contract expired in, at the latest, March 2016. This claim is time-barred.

The basis for Mr. A. Papapietro's second cause of action for breach of contract is the alleged breach of a September 19, 2007, assignment agreement. See id. at 28. Mr. Papapietro alleges that the breach of such agreement by which he was damaged, namely "the money peculated from [him]," occurred in 2007 and 2008. See id. at 20-22, 28. Mr. Papapietro's second cause of action for breach of contract therefore expired in, at the latest, 2014. This claim is time-barred.

ii.     Fraud (Count IV)

Claims of fraud must be asserted within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." NY CPLR § 213(8). Fraud claims accrue, "for statute of limitations purposes, at the time the plaintiff possesses knowledge of facts from which the fraud could have been discovered with reasonable diligence." Coleman v. Wells Fargo & Co., 4 N.Y.S.3d 93, 94 (2nd Dep't 2015) (holding that the fraud claim accrued on "the date upon which both the alleged fraud occurred and the plaintiffs possessed knowledge of facts from which they could have discovered it" (citations & quotations omitted)); see Town of Poughkeepsie v. Espie, 840 N.Y.S.2d 600, 603 (2nd Dep't 2007) (citations omitted).

The crux of Mr. A. Papapietro's cause of action for fraud is that Defendants "induce[d] and defraud[ed] the Plaintiff to enter into a contract and pay money for the sole purpose of exploitation for their own financial benefit and, the essence to steal the Plaintiff['s] money." ECF No. 1 at 29. The allegedly fraudulent taking of the funds from Mr. A. Papapietro occurred in 2007. See id. at 20. Mr. A. Papapietro possessed knowledge of the alleged fraud, at the latest, in 2009, when he retained an attorney to assist him "in getting the money back for the three (3) houses and pay them off." Id. at 19. The fraud statute of limitations expired in 2015, which is six years from the accrual of the cause of action, or the date on which the alleged fraud had occurred and on which Mr. A. Papapietro possessed knowledge of the alleged fraud. This claim is time-barred.

### iii.    Conversion (Count V)

Claims for conversion are subject to a three-year statute of limitations.  See NY CPLR 214(3); Bryant v. Broadcast Music Inc., 721 F. App'x 78, 81 (2d Cir. 2018) (citation omitted); Maya NY, LLC v. Hagler, 965 N.Y.S.2d 475, 478 (1st Dep't 2013) (citations omitted).  As to accrual, "[t]he period begins to run from the time of the tort, rather than from the time of discovery."  Bryant, 721 F. App'x at 81 (citation omitted); see Maya NY, 965 N.Y.S.2d at 478 (stating that a cause of action for conversion "normally accrues on the date the conversion takes place and not the date of discovery or the exercise of diligence to discover" (citation omitted)).

Mr. A. Papapietro's cause of action for conversion is based on the allegations that his money was taken, invested in "a fictitious business," and used for purposes other than those to which he agreed.  See ECF No. 1 at 30.  The allegedly conversion of the funds occurred in 2007. See id. at 20.  Given the accrual of this claim in 2007, the applicable statute of limitations expired in 2010, and the claim is time-barred.

### iv.    Unjust Enrichment (Count VI)

Under New York law, the statute of limitations applicable to claims for unjust enrichment "depends on the substantive remedy which the plaintiff seeks."  Loengard v. Santa Fe Indus., Inc., 519 N.Y.S.2d 801, 803 (1987) (citations & quotations omitted).  A claim seeking equitable relief is subject to the six-year statute of limitations, id. at 267 (citations omitted), whereas a claim seeking monetary relief is subject to the three-year statute of limitations, see Siegler v. Lippe, 137 N.Y.S.3d 429, 434 (2nd Dep't 2020) (citations omitted).  Unjust enrichment claims accrue "upon the occurrence of the alleged wrongful act giving rise to restitution."  Yabro v. Wells Fargo Bank, N.A., 33 N.Y.S.3d 727, 728 (1st Dep't 2016) (citation & quotations omitted).

Mr. A. Papapietro's cause of action for unjust enrichment is based on the allegation that he "made payments to Defendant Clott or had payments diverted to Defendant Clott, paid off his partners and gave money to his wife and children, which thereby enriched all Defendants' [sic]." See ECF No. 1 at 31.  The allegedly wrongful act giving rise to the purported right to restitution here is the payment or diversion of funds, which occurred in 2007.  See id. at 20.  Given the accrual of this claim in 2007, the applicable statute of limitations expired, at the latest, in 2013, and the claim is time-barred.

### v.    Breach Of Fiduciary Duty, Theft Of Corporate Opportunity, Conversion Of Corporate Assets And Waste (Count VII)

Under New York law, claims for breach of fiduciary duty are subject to either a six-year or a three-year statute of limitations. See IDT Corp. v. Morgan Stanley Dean Witter & Co., 879 N.Y.S.2d 355, 359 (2009) (citations omitted).  More specifically,

> New York law does not provide a single statute of limitations for breach of fiduciary duty claims.  Rather, the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks.  Where the remedy sought is purely monetary in nature, courts construe the suit as alleging injury to property within the meaning of CPLR 214(4), which has a three-year limitations period.  Where, however, the relief sought is equitable in nature, the six-year limitations period of CPLR 213(1) applies.  Moreover, where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213(8).

Id. (citations & quotations omitted).  As to accrual, a claim for breach of fiduciary duty accrues, as do other tort claims,

> as soon as the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint.  As with other torts in which damage is an essential element, the claim is not enforceable until damages are sustained.  To determine timeliness, we consider whether plaintiff's complaint must, as a matter of law, be read to allege damages suffered so early as to render the claim time-barred.

Id. at 360 (citations & quotations omitted) (underline added).

Mr. A. Papapietro's allegations underlying his cause of action for breach of fiduciary duty are that Mr. Caridi, among others, stole "corporate funds for their own personal gains and to pay for their own personal expenses and lavish lifestyles." ECF No. 1 at 31. The alleged transactions that Mr. A. Papapietro asserts give rise to the liability of Mr. Caridi occurred in 2007. See id. at 10, 13. At the latest, the statute of limitations for this claim expired six years from 2007, in 2013, and the claim is time-barred.

**b.      The Statutes Of Limitations Should Not Be Tolled**

Mr. A. Papapietro contends that the applicable statutes of limitations should be tolled, as Mr. Caridi's "actions continue to negatively affect [Mr. A. Papapietro] . . . up to and including this date." ECF No. 98 ¶ 6. The Court respectfully recommends against the tolling for which Mr. A. Papapietro argues, which, as discussed, supra, Sec. III(B)(1)(a), the Court believes to be appropriate in view of the overlapping allegations in the Original Complaint, and the analysis and conclusions in a prior report and recommendation, see generally ECF No. 63, adopted by the District Judge, see generally ECF No. 76, such that the analysis and conclusions are now the law of the case.

> As to the merits, under federal law,
>
> a statute of limitations may be tolled due to the defendant's fraudulent concealment if the plaintiff establishes that: (1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled. Equitable tolling is applicable only in rare and exceptional circumstances, where it is necessary as a matter of fairness. To qualify for equitable tolling, a plaintiff must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [the] way of his bringing a lawsuit.

Ellul v. Congregation of Christian Bros., 774 F.3d 791, 801 (2d Cir. 2014) (citations & quotations omitted).

Under New York law,

> equitable estoppel will preclude a defendant from using the statute of limitations as a defense where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding. A plaintiff seeking to apply the doctrine of equitable estoppel must establish that subsequent and specific actions by defendants somehow kept [him or her] from timely bringing suit. Equitable estoppel is appropriate where the plaintiff is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the defendant.

Putter v. N. Shore Univ. Hosp., 825 N.Y.S.2d 435, 437 (2006) (citations & quotations omitted).

Tolling under both federal and New York law is inapplicable here, given that the Original Complaint alleges as to each claim that Mr. A. Papapietro had awareness of the facts underlying his claims within the applicable limitations periods and even instituted the 2010 Action, as to claims for "fraud, conversion, a constructive trust impressed on defendants, unjust enrichment, nonpayment of promissory note, breach of contract and breach of fiduciary duty," ECF No. 92-1 at 5, on the basis of such facts.

### 2. The Court Lacks Sufficient Information To Determine Whether Mr. A. Papapietro's Claims Against Mr. Caridi Are Barred By Res Judicata

Mr. Caridi contends that Plaintiff's claims are barred by res judicata, in view of Plaintiff's 2010 action (the "2010 Action") in the Civil Court of the City of New York, New York County, Part 65 (the "Civil Court"). See ECF No. 92-1 ¶¶ 2-7; id. at 5-6. The Court lacks sufficient information to decide whether dismissal on this basis is appropriate.[9]

---

[9] The Court has taken judicial notice of the Decision and Order from the 2010 Action provided by Mr. Caridi. See AmBase Corp. v. City Invest. Co. Liquidating Trust, 326 F.3d 63, 72, 74 (2d Cir. 2003) (affirming the dismissal of claims based on the doctrine of res judicata and noting that the court could do so "if all relevant facts are shown by the court's own records, of which we can take judicial notice" (citation & quotations omitted)).

a.      **Applicable Law**

With respect to the doctrine of res judicata, federal courts must "give preclusive effect to state-court judgments whenever the courts of the [s]tate from which the judgments emerged would do so." Exxon Mobil Corp. v. Healey, 28 F.4th 383, 398, 402 (2d Cir. 2022) (applying the law of Massachusetts on res judicata, holding that "all three elements of the Massachusetts claim preclusion test ha[d] been satisfied," and concluding that the plaintiff's claims in the federal action were therefore barred by the doctrine of res judicata (citation & quotations omitted)).[10] As the 2010 Action was litigated in a state court in New York, and the claims are brought under New York law, the Court applies the law of New York on res judicata to try to determine whether the claims against Mr. Caridi are precluded.

New York law provides that,

> [u]nder res judicata, . . . a valid final judgment bars future actions between the same parties on the same cause of action. As a general rule, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.

Landau v. LaRossa, Mitchell & Ross, 862 N.Y.S.2d 316, 319 (2008) (citation & quotations omitted). As to the first element, a valid final judgment, "a final determination on the merits" satisfies this element of res judicata. See id. (reasoning that "a dismissal 'without prejudice' lacks a necessary element of res judicata," as such a dismissal, "by its terms[,] . . . is not a final determination on the merits" (citation omitted)). As to the second element, identity of parties, "[o]ne linchpin of res judicata is an identity of parties actually litigating successive actions

---

[10] The Exxon Court was in a position analogous to that of this Court, given that that court was, and this Court is, vested with federal question jurisdiction due to the assertion of claims arising under federal law. See Exxon Mobil, 28 F.4th at 388 (noting that the plaintiff had asserted claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, among others).

against each other: the doctrine applies only when a claim <u>between</u> the parties has been previously brought to a final conclusion." <u>Simmons v. Trans Express Inc.</u>, 148 N.Y.S.3d 178, 181 (2021) (citation & quotations omitted). As to the third element, sameness of the causes of action,

> the claim preclusion rule extends beyond attempts to relitigate identical claims. We have consistently applied a "transactional analysis approach" in determining whether an earlier judgment has claim preclusive effect, such that once a claim is brought to a final conclusion, <u>all other claims arising out of the same transaction or series of transactions</u> are barred, even if based upon different theories or if seeking a different remedy. This rule is grounded in public policy concerns, including fairness to the parties, and is intended to ensure finality, prevent vexatious litigation and promote judicial economy.

<u>Id.</u> (emphasis in original) (citations & quotations omitted). Therefore,

> to determine whether two claims arise out of the same transaction or series of transactions, . . . courts should analyze whether the claims turn on facts that are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

<u>Id.</u> at 181-82 (citations & quotations omitted).

**b.    Application**

The Court lacks sufficient information to determine whether the claims in the Original Complaint asserted against Mr. Caridi are barred by res judicata under the 2010 Action.

As to whether a valid final judgment was entered, the Civil Court, <u>inter alia</u>, granted Mr. Caridi's motion to dismiss pursuant to CPLR § 3211(a)(7), and it dismissed the claims asserted by Plaintiff and Mr. R. Papapietro against Mr. Caridi. <u>See</u> ECF No. 92-1 at 5-6. The public docket reveals that the entire 2010 Action was marked as disposed on June 10, 2024. <u>See</u> WebCivil Local – Case Detail, TS-300254-10/NY, <u>New York State Unified Court System UCS eCourts</u>, https://iapps.courts.state.ny.us/webcivilLocal/LCCaseInfo?parm= CaseInfo&indexNumber=dGsn6jLlEB2Ayb16SxRmuQ%3D%3D&courtId=ylcbNfjRFVzGxCU

5QKs%2Fwg%3D%3D&motionCount=M&documentCount=&appearanceDate=06/29/2018 (last visited Dec. 27, 2024). The Court also lacks information as to the nature of the disposition of the claims against Mr. Caridi in the 2010 Action and of the disposition of the action as a whole.

As to the identity of parties, Mr. A. Papapietro is also a plaintiff in the 2010 Action, and Mr. Caridi is also a defendant in the 2010 Action. See id.

As to the sameness of the claims, the Court is unable to evaluate this element, as the only document provided from the 2010 Action is the Civil Court decision filed by Mr. Caridi, see ECF No. 92-1 at 5-6, and as the parties failed to provide other necessary documents from the 2010 Action, including the operative complaint that presumably sets forth Mr. A. Papapietro's claims against Mr. Caridi in state court.

The Court lacks sufficient information to determine whether Mr. A. Papapietro's claims against Mr. Caridi in the Original Complaint are barred by res judicata because of the 2010 Action. The Court does not recommend dismissal on this ground at this time.

## IV.    CONCLUSION

The Court grants an extension of time for the filing of the answer or response to the Amended Complaint to March 1, 2024. For the foregoing reasons, the Court respectfully recommends that, to the extent that Plaintiff intended to assert any claims against Mr. Caridi in the Amended Complaint, as Mr. Caridi is named as a Defendant in the Amended Complaint, such claims be dismissed because the Amended Complaint does not contain any allegations against Mr. Caridi. The Court also respectfully recommends that, as to the Original Complaint,

the District Court grant the motions at ECF No. 92 based on statutes of limitations, without giving Mr. Papapietro the opportunity to replead.[11]

## V.    OBJECTIONS

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within fourteen days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate[ judge]'s recommended decision, it waives any right to further review of that decision" citation & quotations omitted)).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections.  The Court will mail a copy of this report and recommendation to the pro se party at Anthony Papapietro, 48 Orange Street, Staten Island, NY 10302.

Dated: Brooklyn, New York
        February 13, 2025

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge

---

[11] Denial of leave to replead is both consistent with this Court's prior report and recommendation, see ECF No. 63 at 42, adopted by the District Judge, see ECF No. 76 at 11, and appropriate under the circumstances, given that the determinations as to the statutes of limitations herein are legal, rather than factual, such that Mr. A. Papapietro cannot correct the issues by repleading and that, by extension, repleading would be futile.